**Hilda CHESLER, Plaintiff,**

v.

**UNITED STATES of America, et al., Defendant.**

**Civ.A. No. 87–769.**

United States District Court, District of Columbia.

Dec. 21, 1987.

Henry E. Dugan, Jr., and Ruth A. Jakubowski, Baltimore, Md., for plaintiff.

Joseph E. diGenova, U.S. Atty., John D. Bates, Asst. U.S. Atty., and Patricia D. Carter, Asst. U.S. Atty., Washington, D.C., for defendant.

## ORDER

CHARLES R. RICHEY, District Judge.

Defendants in the above-captioned case have moved the Court for an order to compel the plaintiff to answer certain interrogatories, or, in the alternative, to exclude at trial any evidence and witnesses which have not been included in those discovery responses. Specifically, defendants want the plaintiff to name her opinion witnesses so that they may be deposed by the defendants. Defendants state that the plaintiff deposed the treating physician on October 29, 1987.

Plaintiff responds that while it is true that she deposed the treating physician on October 29, a copy of the deposition was not received until December 1, 1987. Plaintiff also represents that she is working to procure an opinion witness to testify on her behalf and will name this witness by January 1, 1988. This action is scheduled for trial on February 23, 1988.

In light of plaintiff's assurances, the Court will order her to name her opinion witness or witnesses by January 1, 1988. Failure to do so, may result in the imposition of sanctions. *See, e.g., National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 642, 96 S.Ct. 2778, 2780, 49 L.Ed.2d 747 (1976); *Northrop Corp. v. McDonnell Douglas Corp.,* 751 F.2d 395, 399 (D.C.Cir.1984). The Court may consider the type of sanction imposed by the District Court and affirmed by the Court of Appeals for the District of Columbia in *Hull v. Eaton Corp.,* 825 F.2d 448 (D.C.Cir.1987). In *Hull,* plaintiffs had sued the defendants in a products liability action for injuries allegedly sustained by one of the plaintiffs while operating a forklift manufactured and sold by the defendants. After the plaintiffs had failed to identify their intended opinion witness pursuant to a discovery request and order, the District Court imposed a sanction that precluded the plaintiffs from introducing their opinion witness' testimony pursuant to Fed.R. Civ.P. 37(b)(2)(B). *See id.* at 450; *see also Smith v. Schlesinger,* 513 F.2d 462, 467 n. 10 (D.C.Cir.1975) ("preclusion" sanction properly employed against a violation of a discovery order).

Accordingly, it is by the Court this 21st day of December, 1987,

ORDERED that plaintiff shall name her opinion witness or witnesses by January 1, 1988; and it is

FURTHER ORDERED that unless good cause is shown, plaintiff's failure to name her opinion witness or witnesses by January 1, 1988, may well result in the exclusion of the testimony of the opinion witness or witnesses at trial pursuant to Fed.R.Civ. P. 37(a)(2) and 37(b)(2).